O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA A. ANGULO, an individual; ROBERT JONES, an individual,, <br><br> Plaintiffs, <br> v. <br> COUNTY OF LOS ANGELES, an entity of the State of California, (for itself and for LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a department of the County of Los Angeles); and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 2: 13-cv-03679-ODW(JCx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [40]** |

## I. INTRODUCTION

Robert C. Jones—the Plaintiffs' son—died after suffering a cardiac episode while incarcerated at Pitchess Detention Center in Los Angeles County. The subsequent autopsy revealed that Jones' death resulted from natural causes. The autopsy report states that Jones died of hypertrophic cardiomyopathy. (Bianco Decl. Ex. B.) Plaintiffs subsequently brought various federal and state claims against the County, asserting that the Los Angeles County Sheriff's Department deputies failed to provide Jones with adequate medical care. The County now moves for summary judgment. After considering the evidence adduced, the Court **GRANTS** the County's Motion for Summary Judgment in full. (ECF No. 40.)

## II. FACTUAL BACKGROUND

On March 25, 2013, Jones was incarcerated at the Pitchess Detention Center. (SUF 1.) On April 2, 2013, Deputies Torres and Hernandez responded to a "man down" call coming from Dorm 616 where Jones was housed. (SUF at 3.) Deputies radioed for paramedics and entered the dorm to assist Jones. (SUF at 4, 8.) When they entered the dorm, Deputy Hernandez observed Jones convulsing. (SUF at 6.) Deputy Torres supported Jones' head and neck, while Deputy Hernandez supported Jones' lower extremities, in an attempt to prevent any injury while he convulsed. (SUF at 8.) Deputy Hernandez noticed that the Jones did not appear to be breathing and could not detect a pulse. (SUF at 6, 9) Paramedics arrived as Deputy Hernandez began CPR and immediately took over rendering medical aid. (SUF at 11.) The paramedics then transported Jones to Holy Cross Hospital. (SUF at 12.)

Jones was pronounced dead at Holy Cross Hospital on April 2, 2013. (SUF at 13.) The ensuing autopsy revealed that Jones' cause of death was hypertrophic cardiomyopathy. (*Id.* at 14.) Subsequent interviews of inmates corroborate the medical examiner's finding that there was no violence involved in Jones' death. (SUF at 15.)

Plaintiffs brought suit against the County on April 24, 2013. (ECF No. 1, Ex. A.) The County removed this action to Federal Court on May 22, 2013. (ECF No. 1.) Plaintiffs' allege in their Second Amended Complaint state-law claims for wrongful death and survivorship and federal claims for violation of civil rights under 42 U.S.C. § 1983, including failure to provide adequate medical care, failure to adequately train, supervise, and discipline jail staff, and impermissible interference with Plaintiffs' right to enjoy continued family relations with their son. Plaintiffs have not opposed this Motion. Accordingly, the Court considers the facts to be undisputed.

///
///

### III. LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts through admissible evidence that show a genuine issue for trial. *Id.*; Fed. R. Civ. P. 56(c). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

A genuine issue of material fact must be more than a scintilla of evidence or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* Where the moving and nonmoving parties' versions of events differ, courts are required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### IV. DISCUSSION

The County argues that several doctrines shield them from liability and that Plaintiffs have adduced insufficient evidence to hold them liable for Jones' death. .The Court considers each issue in turn.

**A. Immunity**

The County asserts that it is immune from Plaintiffs' wrongful death and survivorship claims under California Government Code sections 844.6, 845.6, and 855.8. Sections 844.6 and 855.8 are inapplicable here. Section 844.6 immunizes

public entities, in relevant part, from liability for "injuries by and to prisoners," providing immunity from liability for injuries proximately caused by prisoners. But Plaintiffs Second Amended Complaint alleges that deputies failed to provide Jones with reasonable medical care—not that he suffered an injury at the hands of another prisoner. And section 855.8 pertains only to mental illness or addiction, which is not as issue in this action. Accordingly, the Court does not consider the County's assertions of immunity under these sections.

The County is correct that generally public entities are immune from liability for injuries caused by "the failure of the employee to furnish or obtain medical care for a prisoner in his custody." Cal. Gov't Code. § 845.6. But section 845.6 creates both an immunity *and* a cause of action. Section 845.6 unambiguously states that "a public employee, and the public entity where the employee is acting within the scope of his employment, *is liable* if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code. § 845.6 (emphasis added). Thus, when there is knowledge of a need for immediate medical care, a duty of reasonable action to summon medical care is created. *Johnson v. Cnty. of L.A.*, 143 Cal. App. 3d 298, 317 (Ct. App. 1983). But liability under section 845.6 is limited to "serious and obvious medical conditions requiring immediate care." *Watson v. State*, 21 Cal. App. 4th 836, 841 (Ct. App. 1993).

Here, Plaintiffs allege that deputies knew that Jones was experiencing chest pain but ignored his complaints and that they filed to provide Jones with prompt and adequate emergency medical care. But Plaintiffs have proffered no evidence whatsoever that demonstrates that the deputies knew of or disregarded Jones' chest pains. Nor have Plaintiffs provided any evidence that the deputies' emergency medical aid was unreasonably rendered. Indeed, it is undisputed that when Jones collapsed and began convulsing—an obvious serious and immediate health problem—deputies responded by promptly radioing paramedics and providing medical

assistance. Thus, Plaintiffs have failed to raise any genuine issue of material fact that would allow a jury to find that the deputies failed to reasonably summon medical care. The Court therefore finds that the County is entitled to immunity from Plaintiffs' state-law wrongful death and survivorship claims.

**B. *Monell* liability**

Section 1983 provides for a civil action against any person who, under color of law, causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. While the statute does not define "person" or address whether a governmental unit may be sued under its provisions, the United States Supreme Court in *Monell* held that a local government may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). But a plaintiff may not sue a governmental unit under § 1983 simply based on a "*respondeat superior* theory." *Id.* at 691.

To hold a municipality liable for the actions of its officers and employees, a plaintiff must allege one of the following: "(1) that a [municipal] employee was acting pursuant to an expressly adopted official policy; (2) that a [municipal] employee was acting pursuant to a longstanding practice or custom; or (3) that a [municipal] employee was acting as a 'final policymaker.'" *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Additionally, a governmental entity can be held liable when its failure to train its officers amounts to "deliberate indifference" to the constitutional rights of the citizens with which the officers come into contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

In *City of Canton*, the Supreme Court expanded upon *Monell* and allowed failure-to-train claims against municipalities "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." 489 U.S. at 388. The Court noted that it is possible that the need for

1  training certain officers or employees could be "so obvious" given the duties assigned
2  to them that failure to train them could constitute deliberate indifference on the part of
3  the city's policymakers. *Id.* at 390.

4        The Ninth Circuit has further explained that there are three elements a plaintiff
5  must satisfy under *Canton*: "(1) he was deprived of a constitutional right, (2) the City
6  had a training policy that amounts to deliberate indifference to the [constitutional]
7  rights of the persons with whom [its police officers] are likely to come into contact;
8  and (3) his constitutional injury would have been avoided had the City properly
9  trained those officers." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir.
10 2007) (internal quotation marks omitted

11       The County argues that Plaintiffs have not proffered any evidence that shows
12 that the deputies' medical-emergency training is in any way deficient.  The Court
13 agrees.  Plaintiffs' have only made conclusory allegations of liability.  Plaintiffs assert
14 that "defendants were deliberately indifferent to their duties to properly train,
15 discipline, and supervise jail staff, thereby proximately causing Decedent's death."
16 (SAC ¶ 49.)  But Plaintiffs have not identified any specific policy or pattern of similar
17 violations—which is ordinarily necessary to demonstrate deliberate indifference for
18 purposes of failure-to-train liability—to support this assertion. *Connick v. Thompson*,
19 131 S. Ct. 1350 (2011).  The Ninth Circuit has clarified that "absent evidence of a
20 'program-wide inadequacy in training,' any shortfall in a single officer's training 'can
21 only be classified as negligence on the part of the municipal defendant—a much lower
22 standard of fault than deliberate indifference.'" *Blankenhorn*, 485 F.3d at 485.

23       Without being able to resort to vicarious liability, *Monell* erects a high barrier
24 against the County's liability in this action.  Because Plaintiffs have not provided any
25 evidence of a specific policy or pattern of similar violations, the Court finds that the
26 County is not subject to *Monell* liability.  The Court therefore finds that the County
27 bears no § 1983 liability in this case.
28 / / /

## V.  CONCLUSION

It is always a tragedy when someone dies.  Plaintiffs have suffered an incredible loss.  But the law only attaches liability when someone is at fault for the death under a particular statute or other provision.  Plaintiffs have not demonstrated that the County here bears any liability for their son's death.  Accordingly, as much as the Court is sympathetic to the Plaintiffs' loss, the Court **GRANTS** the County's Motion for Summary Judgment in its entirety.  A judgment will issue.

**IT IS SO ORDERED.**

January 27, 2014

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**